5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Ben M. HALSEY, Appellant,
v.
Harold W. CLARKE, Appellee.
 No. 93-1580NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 30, 1993.
Filed: September 9, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nebraska inmate Ben M. Halsey appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. We affirm.
 
 
 2
 After a trial, a jury acquitted Halsey of attempted first-degree murder. Because the jury failed to reach a verdict on a charge of first-degree assault, the trial court declared a mistrial. On retrial for first-degree assault, Halsey waived his right to a jury trial. At the conclusion of the retrial, Halsey moved for a mistrial on the ground his jury waiver was ineffective. The trial court denied the motion and found Halsey guilty. The Nebraska Supreme Court affirmed Halsey's conviction. State v. Halsey, 441 N.W.2d 877 (Neb. 1989).
 
 
 3
 Halsey contends the state's second assault prosecution violated the Double Jeopardy Clause because first-degree assault is a lesser-included offense of attempted murder. We disagree. In Nebraska, first-degree assault is not a lesser-included offense of attempted murder because the offenses involve different elements. See Halsey, 441 N.W.2d at 881; Neb. Rev. Stat. Secs. 28-308, 28-201, 28-303 (1989). Thus, the Double Jeopardy Clause does not prevent a first-degree assault prosecution after an attempted murder prosecution. See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Dixon, 113 S. Ct. 2849, 2859-60 (1993) (once court decides offenses involve different elements, double jeopardy inquiry ends). Halsey also contends that his retrial on the same assault charge following a mistrial because of a deadlocked jury violated double jeopardy. Halsey's contention is foreclosed by Richardson v. United States, 468 U.S. 317, 326 (1984).
 
 
 4
 Finally, Halsey contends his jury waiver was ineffective because it was based on a pretrial evidentiary ruling the trial court reversed during the second trial. After carefully reviewing the record, we conclude this contention is meritless. There is no indication in the record Halsey relied on the trial court's pretrial ruling in deciding to waive a jury trial. On the contrary, the record reveals Halsey waived a jury trial in exchange for the state's dismissal of its habitual criminal allegation.
 
 
 5
 We thus affirm the district court's denial of Halsey's habeas petition.